JOHN L. BURRIS (SBN 69888)
KATHERINE MACELHINEY (SBN 353332)
**JOHN BURRIS, NISENBAUM & CURRY LLP**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (844) 273-6873
john.burris@bnclawfirm.com
katherine@bnclawfirm.com

Attorneys for Plaintiff
JOHN DOE, a minor,
by and through his Guardian Ad Litem, SAGE MOAHLA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, a minor, by and through his Guardian Ad Litem, SAGE MOAHLA.<br><br>Plaintiffs,<br>vs.<br><br>CONTRA COSTA COUNTY, a public entity; CONTRA COSTA COUNTY PROBATION DEPARTMENT, a subsidiary public agency of Defendant CONTRA COSTA COUNTY; CONTRA COSTA COUNTY HEALTH SERVICES DEPARTMENT, a subsidiary public agency of Defendant CONTRA COSTA COUNTY; CONTRA COSTA COUNTY BEHAVIORAL HEALTH SERVICES, a subsidiary public agency of Defendant CONTRA COSTA COUNTY; SOFIA ANN-BUITRON DROTTS, in her individual and official capacities as a Behavioral Health Clinician for CONTRA COSTA COUNTY; and DOES 1-50, individually, jointly, and severally,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This case arises from a pervasive and systemic failure by DEFENDANTS to protect Plaintiff JOHN DOE, a juvenile ward of CONTRA COSTA COUNTY, from foreseeable sexual abuse. Plaintiff was a minor while he was systematically and repeatedly abused by SOFIA ANN BUITRON DROTTS, an employee of CONTRA COSTA COUNTY, in what was supposed to be a safe and rehabilitative environment that is created, staffed, maintained, supervised, and controlled by Defendants.

2. Plaintiff brings this action against the above-named DEFENDANTS, inclusive, pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, the California Constitution, and the common laws of the State of California. These violations were committed during the course and scope of the Defendants' employment with the Defendant CONTRA COSTA COUNTY and/or its employees, contractors, officers, and agents, and DOES.

## JURISDICTION AND VENUE

3. This action arises under Title 42 of the United States Code, §§ 1981, 1983, and 1985. Title 28 of the United States Code, §§ 1331 and 1343, confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Contra Costa County, California, which is within the judicial district of this Court.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

5. Plaintiff JOHN DOE (or "DOE," or, "PLAINTIFF"), is and at all relevant times was a minor residing in the State of California. He brings this lawsuit by and through his Guardian Ad Litem, SAGE MOAHLA.

6. Defendant CONTRA COSTA COUNTY (or, "COUNTY") is, and at all material times referred to herein was a lawfully created governmental entity created pursuant to the laws of the State of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of the types of wrongs complained of herein. Plaintiff's allegations against the Defendant COUNTY are based on acts and omissions of the individually named DEFENDANTS and DOES, and on acts and omissions of persons who are COUNTY employees, and on the COUNTY's breach of its nondelegable duty to protect Plaintiff and similarly situated wards of the Defendant COUNTY from the wrongful conduct of said persons and employees.

7. Defendant CONTRA COSTA COUNTY PROBATION DEPARTMENT (or, "PROBATION DEPARTMENT") is a subsidiary agency of Defendant CONTRA COSTA COUNTY. At all relevant times, the PROBATION DEPARTMENT and other subsidiary agencies of the Defendant COUNTY had complete custodial authority and control over wards of Defendant COUNTY including PLAINTIFF, and had complete supervisory authority and control over SOFIA ANN BUITRON DROTTS at all times following her arrest on approximately July 17, 2026. At all relevant times, the COUNTY'S PROBATION DEPARTMENT had supervisory authority and control over its employees and contractors, including the Defendants named herein including SOFIA ANN BUITRON DROTTS and DOES 1 through 50, and each of them.

8. Defendant CONTRA COSTA COUNTY HEALTH SERVICES DEPARTMENT, ("COUNTY HEALTH") is a subsidiary agency of Defendant CONTRA COSTA COUNTY. At all relevant times, the COUNTY HEALTH Department and other subsidiary agencies of the Defendant COUNTY had supervisory authority and control over its employees and contractors, including the Defendants named herein and DOES. At all relevant times, COUNTY HEALTH through its agents, officers, employees and assigns, provided healthcare, counseling, and wellness services to JOHN DOE as well as similarly-situated juvenile wards of the Defendant COUNTY both inside the Juvenile Hall and outside as part of Probation Services.

9. Defendant CONTRA COSTA COUNTY'S BEHAVIORAL HEALTH SERVICES ("BHS") is a branch of the CONTRA COSTA COUNTY HEALTH SERVICES DEPARTMENT and is a subsidiary agency of Defendant CONTRA COSTA COUNTY. At all relevant times the BHS and other subsidiary agencies of the Defendant COUNTY named herein had supervisory authority and control over its employees and contractors, including DROTTS and DOES, who provided healthcare, counseling, and wellness services to JOHN DOE as well as to similarly-situated wards and probationers under the custodial and/or supervisory control of Defendant COUNTY both inside the Juvenile Hall and outside as part of Probation Services.

10. Defendant SOFIA ANN-BUITRON DROTTS (or "DROTTS," or "the Abuser") was at all relevant times employed by Defendant CONTRA COSTA COUNTY and / or its subsidiary agencies as a Behavioral Health Clinician and/or therapist. DROTTS is an adult and is approximately nine years older than JOHN DOE, who is a minor. Ms. DROTTS exploited the absolute power imbalance of her position as a mandatory therapist in order to groom, harass, and abuse JOHN DOE, and other similarly-situated juvenile wards of the Defendant COUNTY, while under color of authority and as part of her employment with Defendant CONTRA COSTA COUNTY and its subsidiary agencies from approximately May of 2025 until present day. DROTTS is sued in her individual and official capacities.

11. Plaintiff is ignorant of the true names and capacities of Defendants herein referred to as "DOES 1-50," inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each "DOE" Defendant so named is responsible in some manner for the injuries and damages sustained by PLAINTIFF as set forth herein. Plaintiff furthermore alleges that each of Defendants "DOES 26 through 50" was responsible for the training, supervision, and/or conduct of the Defendant Officers and/or agents involved in the conduct herein. Plaintiff alleges that each of Defendants DOES 1 through 50 were also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

12. At all material times, DEFENDANTS and DOES 1 – 50 acted under the color of the laws, statutes, ordinances and regulations of the United States and the State of California, and pursuant to the actual customs, policies, practices and procedures of the governmental entity by which they were employed or retained.

## ADMINISTRATIVE PREREQUISITES

13. Plaintiff is required to comply with an administrative tort claim requirement under California Government Code, § 910, *et seq.* On July 27, 2026, Plaintiff filed a claim with the Clerk of the Board of Supervisors of Contra Costa County. On September 8, 2026, the COUNTY denied Plaintiff's claim in full by unanimous vote of the Board of Supervisors for the Defendant COUNTY. Plaintiff has exhausted all required administrative remedies, and this action is timely filed within all applicable statutes of limitation.

## FACTUAL ALLEGATIONS

14. In 2024, PLAINTIFF was sentenced by the Superior Court of California to mandatory physical confinement at the John A. Davis Juvenile Hall located in Martinez, California. The Juvenile Hall is a maximum-security facility for juvenile offenders that is operated by the Defendant PROBATION DEPARTMENT'S Field Services Office. At all relevant times, PLAINTIFF was a juvenile ward under the care, authority and control of CONTRA COSTA COUNTY, and its subsidiary agencies and officers, agents, contractors, and employees; on whom Plaintiff relied on as a vulnerable minor in their care, custody, and supervision.

15. At all relevant times, DEFENDANTS had complete authority and control over every aspect of PLAINTIFF and his life, including but not limited to his healthcare, schooling, mental health and rehabilitation treatment, liberty, safety, freedom of movement, and future opportunities or punishment.

16. Upon information and belief, in approximately February of 2025, Defendant COUNTY hired Defendant SOFIA ANN-BUITRON DROTTS as a behavioral health clinician

and/or other type of therapist or counselor, to provide psychotherapy and counseling services to juvenile wards of the COUNTY, through its subsidiary agencies. This was while JOHN DOE was still incarcerated at the John A. Davis Juvenile Hall, and MS. DROTTS was assigned to be JOHN DOE'S therapist while he was still residing at the Hall.

17. On Friday, April 3, 2026, Plaintiff was transitioned out of the Juvenile Hall and into circumstances of conditional freedom with probationary terms that included home confinement, strict schedules, curfews, check-ins, and other mandatory appointments and participation in programming, and electronic location monitoring, all of which occurred under the authority and purview of the COUNTY and its subsidiary agencies and employees, DEFENDANTS and DOES.

18. Beginning on or before April 3, 2026, and lasting through the present day, DROTTS sexually harassed, abused, and coerced JOHN DOE into an inappropriate romantic, physical, and unlawful relationship. DROTTS made unlawful communications and physical contact of a sexual nature with JOHN DOE, all while DROTTS was employed by the Defendant COUNTY to provide psychological and behavioral counseling and services to JOHN DOE and to similarly-situated juveniles and probationers under COUNTY care and custody. The abuse occurred both inside the Juvenile Hall and while DOE was under the supervision and probationary custody of the COUNTY and its PROBATION DEPARTMENT.

19. At all relevant times JOHN DOE received mandatory counseling from DROTTS while she acted as his psychotherapist and was part of the "Wrap-Around" team assigned to Plaintiff by the COUNTY. The "Wrap-Around" team consisted of several other COUNTY employees, including employees of BHS, PROBATION DEPARTMENT, COUNTY HEALTH, and other subsidiary agencies, whose identities have yet to be ascertained (DOES 1 through 15).

20. Beginning on approximately April 3, 2026, JOHN DOE probationary status with the Defendant COUNTY and its PROBATION DEPARTMENT required PLAINTIFF to submit to 24/7 location surveillance and ankle monitoring under supervision of employees of the Defendant COUNTY who could at all times see where JOHN DOE was located. From

approximately April 3, 2026, through at least July 17, 2026, COUNTY employees overlooked, ignored, and/or concealed evidence that JOHN DOE'S electronic location monitor frequently and repeatedly showed that he was at unapproved locations that were inconsistent with the terms of his probation, and/or that his location services were turned off completely, in violation of the terms of his probation. During that time, DEFENDANTS allowed PLAINTIFF to violate the terms of his probation by going to said locations, and this often occurred while JOHN DOE was with DROTTS.

21. JOHN DOE'S frequent probation violations occurring while he was with DROTTS was at all times known or reasonably should have been known to DEFENDANTS, who were monitoring the location of and supervising JOHN DOE.

22. Plaintiffs are informed and believe and thereupon allege that DEFENDANTS knew of abuse that occurred by DROTTS of JOHN DOE on or beginning on at least May 2, 2026, on which date DROTTS exchanged sexually explicit content depicting a minor ("CSAM") with JOHN DOE.

23. Plaintiffs are informed and believe and thereupon allege that in May and/or June of 2026, or earlier, DEFENDANTS were put notice of the existence of sexual abuse by DROTTS of additional victims by DROTTS beginning in approximately May of 2025. The allegations were made by youth who are and were wards of the COUNTY, and who reported the abuse to counselors and staff of the COUNTY and its PROBATION DEPARTMENT at the Juvenile Hall. As a result, DEFENDANTS had notice that DROTTS was sexually harassing and abusing these wards during "therapy sessions" while in COUNTY custody, but DEFENDANTS ignored and concealed these reports and/or failed to adequately investigate the allegations or discipline DROTTS in order to prevent future abuse, leading to the harms caused to PLAINTIFF and others similarly situated.

24. On approximately June 18, 2026, JOHN DOE completely turned off his location monitor and/or failed to check in with PROBATION DEPARTMENT, and did not come home

in time for the mandatory curfew. Upon information and belief, JOHN DOE instead spent the night with MS. DROTTS at her home in San Francisco.

25. On the morning of June 19, 2026, law enforcement officers for Defendant COUNTY arrested JOHN DOE as he got out of DROTTS'S vehicle, but the officers did not even stop or question DROTTS about her involvement in the probation violations by the minor.

26. Upon information and belief, from June 19 to June 28, 2026, DROTTS continued to sexually abuse and harass JOHN DOE while he was incarcerated in COUNTY detention facilities, and this abuse was overlooked and/or concealed by COUNTY employees and officers.

27. On June 28, 2026, JOHN DOE was released from incarceration, and probationary freedom was reinstated under the complete authority of the COUNTY and its PROBATION DEPARTMENT, including the location monitoring and "Wrap-Around" services by COUNTY employees including DROTTS. Upon his release from incarceration at the COUNTY facility, DROTTS continued to sexually harass and abuse JOHN DOE daily, under the guise of continuing to provide him with "therapy" on behalf of the agency DEFENDANTS.

28. Throughout her unlawful and sexually abusive relationship with JOHN DOE, Defendant DROTTS used a COUNTY-issued computer and/or cell phone to communicate with PLAINTIFF, his Guardian ad Litem, his family, and other DEFENDANTS and DOES, about PLAINTIFF as his therapist. DROTTS used these devices and COUNTY-issued software in order to record treatment notes about JOHN DOE. These COUNTY-issued devices also conclusively showed that JOHN DOE was with DROTTS on a near-daily basis, for hours at a time, outside of his permitted locations, and in violation of his probationary terms.

29. From approximately April 3, 2026, through approximately July 17, 2026, DROTTS scheduled herself to conduct "therapy sessions" in person with PLAINTIFF at least twice a week, in which DROTTS engaged JOHN DOE, a minor, in sexual acts. DROTTS frequently pulled PLAINTIFF out of school and/or other PROBATION DEPARTMENT mandated programs, and/or from his home, in violation of the terms of his probation and in violation of the laws governing her profession. Some of these illicit "therapy sessions" took

place within facilities that are maintained, supervised, and operated by the Defendant COUNTY and/or its subsidiary agencies. Many such "sessions" also occurred in public, non-clinical settings that were both unapproved in JOHN DOE'S probation plan and/or are inappropriate for the privacy needs of a child engaged in what was supposed to be a clinical therapy session. These "sessions" also frequently lasted for several hours, during which DROTTS abused the Plaintiff both sexually and as a child patient of PROBATION DEPARTMENT-mandated therapy services, to which PLAINTIFF could not consent.

30. From approximately April 3, 2026, through approximately July 17, 2026, DROTTS frequently transported PLAINTIFF in her personal vehicle to and from the above-referenced "therapy sessions," as well as to and from school and other appointments required of DOE, all while JOHN DOE was supposed to be totally supervised and surveilled by the COUNTY, the PROBATION DEPARTMENT, and DEFENDANTS. As a result, JOHN DOE came to be dependent on DROTTS for transportation, during which DROTTS sexually abused him, and this became intertwined with JOHN DOE'S successful completion of the terms of his probation with the Defendant COUNTY.

31. Upon information and belief, employees, officers, contractors, and/or agents of Defendant COUNTY and its subsidiary agencies (DEFENDANTS and DOES), witnessed and were aware that JOHN DOE and DROTTS were engaged in an unlawful relationship exceeding the bounds of an acceptable client-therapist relationship, because at all relevant times DEFENDANTS were monitoring and surveilling PLAINTIFF'S activities and location and had access to DROTTS'S communications and devices about PLAINTIFF and his so-called "therapy" and probation services. As a result, DEFENDANTS knew or should have known that DROTTS' relationship with Plaintiff had crossed a legal and professional line into coercion and abuse of a minor ward of the Defendant COUNTY. Despite having such notice, upon information and belief no DEFENDANT reported DROTTS' misconduct up the chain of COUNTY command until PLAINTIFF was arrested on June 19, 2026, after which his cell phone

and devices were seized. As a result, DROTTS was not adequately supervised or investigated by DEFENDANTS and the abuse was ratified, condoned, and/or concealed by DEFENDANTS.

32. On approximately July 17, 2026, DROTTS was arrested for criminal charges related to the allegations of sexual misconduct and abuse stated herein. This occurred nearly a month after JOHN DOE had already been seized and stripped of his liberty by the Defendant COUNTY for being with DROTTS instead of home for curfew on June 18 – 19, 2026.

33. Despite the ample evidence of DROTTS'S sexual abuse of a minor in her care and control, DEFENDANTS did not investigate DROTTS nor charge her with any crime, until after Counsel for PLAINTIFF filed a tort claim with the Defendant COUNTY'S Board of Supervisors on July 27, 2026, and held a press conference exposing the allegations of abuse of JOHN DOE by DROTTS in her official capacity with the Defendant COUNTY and its subsidiary agencies.

34. Immediately following the filing of the claim and press conference, COUNTY officials (DOES 26 through 50) released a statement containing knowingly false and misleading information in an attempt to avoid liability and mislead the public and/or to dissuade JOHN DOE and others from exercising their rights, including statements that DROTTS was only a recent temporary employee when she had in fact been an employee of the COUNTY since approximately February of 2025; and that JOHN DOE was the only client DROTTS was assigned to provide services to on behalf of the Defendants, which is not true given the known existence of at least one other victim who had been abused by DROTTS since approximately May of 2025.

35. SOFIA ANN BUITRON DROTTS was subsequently charged with criminal offenses alleged against her in Contra Costa Superior Court, criminal case "THE PEOPLE OF THE STATE OF CALIFORNIA vs. DROTTS, SOFIA ANN-BUITRON," Case No. 01-26-03904, for the following criminal offenses related to the abuse of JOHN DOE alleged herein, including:

- Penal Code § 647.6(a)(1) - Felony: CHILD MOLESTING WITH A PRIOR;

- Penal Code § 261.5(c) - Felony: UNLAWFUL SEXUAL INTERCOURSE;
- Penal Code § 287(b)(1) - Felony: ORAL COPULATION WITH A MINOR;
- Penal Code § 289(h) - Felony: SEXUAL PENETRATION OF PERSON < 18;
- Penal Code § 288.2(a)(1) - Felony: DISTRIBUTING/EXHIBITING LEWD MATTER OF MINOR(S) TO MINOR (05/02/2026);
- Penal Code § PC311.11(a) - Felony: POSSESS/CNTRL MATTER DEPICT PERSON < 18YRS SEX

36. On July 29, 2026, DROTTS was arraigned in Contra Costa County Superior Court for the above charges and pleaded “Not Guilty.” DROTTS was released on bond on this date, and the Court also issued a Criminal Protective Order (Minor) ordering DROTTS to stay away from and not to contact JOHN DOE.

37. On October 25, 2026, at 12:29 AM, DROTTS violated the court order when she was pulled over by California Highway Patrol for allegedly driving at a dangerous speed while intoxicated. JOHN DOE was allegedly with DROTTS inside the vehicle at the time and the two were arrested.

38. Merely hours later, at 8:30 AM on October 25, 2026, DROTTS appeared in Contra Costa Superior Court for the previously scheduled hearing in Case No. 01-26-03904, but was released from COUNTY custody without any additional charges or remand to custody related to her arrest that morning, despite DROTTS’S flagrant violations of the Court’s protective order forbidding DROTTS to have contact with JOHN DOE.

39. On November 13, 2026, the Contra Costa County District Attorney filed an amended Complaint in the criminal case against DROTTS, adding the following charges related to the October 25, 2026, arrest, including felony willful child cruelty committed with defendant on bail or own recognizance, disobeying a court order, and misdemeanors including DUI.

## GENERAL ALLEGATIONS

40. At all relevant times described herein, JOHN DOE was a minor and juvenile ward of the COUNTY and was under the total custody and control of DEFENDANTS. As part of these involuntary circumstances, PLAINTIFF was required to participate in mandatory

counseling, therapy, and programming with the abuser DROTTS, all facilitated by Defendant CONTRA COSTA COUNTY.

41. DEFENDANTS exercised power and authority over every aspect of Plaintiff's life while he was in custody and during probation under DEFENDANTS' authority. At all relevant times DEFENDANTS intentionally, negligently, and/or recklessly maintained facilities and clinical settings in which the Abuser had psychological, emotional, and physical control over PLAINTIFF while he was a vulnerable child, patient, and ward under the authority and control of the DEFENDANTS.

42. From approximately April 3, 2026, and lasting through at least October 25, 2026, JOHN DOE was subjected to sexual harassment, malpractice, and egregious and predatory sexual abuse on multiple separate occasions by DROTTS, all while under color of law and in her role as Plaintiff's therapist in the scope of DROTTS'S employment with the Defendant COUNTY and/or its subsidiary agencies which may include BHS, CONTRA COSTA HEALTH, and/or the County's PROBATION DEPARTMENT.

43. Youth detained by and on supervisory probation under the authority of CONTRA COSTA COUTY cannot give consent to engage in behavior defined as sexual abuse, regardless of the youth's age. The fact that a youth may have initiated an inappropriate relationship or sexual contact is not a defense to acts of sexual abuse, under the laws of the State of California.

44. At all relevant times, the DEFENDANTS named herein, and their employees and agents, and DOES 1 through 50, failed to allocate the resources, staff, and management controls necessary to protect PLAINTIFF from sexual abuse. Said DEFENDANTS negligently hired and failed to supervise the Abuser, and knowingly or negligently failed to prevent the mental and sexual abuse of PLAINTIFF who is a minor. DEFENDANTS simultaneously failed to implement and enforce safety protocols and procedural safeguards to check for, notice, and investigate red flags regarding the therapist-client relationship, and/or to file mandatory reports regarding the suspected abuse or client-therapist misconduct.

45. DEFENDANTS, and each of them, were aware of personnel and/or school and/or court records reflecting numerous incidents of inappropriate sexual contact and conduct with minors by counselors, social workers, probation officers, correctional officers, and other employees of Defendant COUNTY, including incidents involving Defendant DROTTS, both on and off the premises of such facilities operated and maintained by DEFENDANTS.

46. From at least April 3, 2026, through October 25, 2026, DROTTS engaged in frequent and unlawful sexual harassment and inappropriate communications with JOHN DOE, some of which occurred at COUNTY-managed facilities and/or through COUNTY-issued devices and/or software. This took place while DROTTS was assigned by the Defendant COUNTY as JOHN DOE'S therapist, in violation of the ethical rules and laws governing her profession. Said harassing communications included but are not limited to DROTTS sending and coercing flirtatious, inappropriate, romantic, intimate, sexually suggestive, and/or sexually explicit communications and/or images and/or videos amounting to child sexual abuse material, or "CSAM," with JOHN DOE, who is a minor.

47. Upon information and belief, DEFENDANTS knew about or should have reasonably discovered the abusive communications from DROTTS to JOHN DOE, as DEFENDANTS could and were required by the terms of DOE'S custody and probation by the COUNTY, to access and analyze the data and information contained therein. This data was exclusively available to DEFENDANTS as part of the terms of JOHN DOE'S probation with the DEFENDANTS.

48. Plaintiff is informed and believes and thereupon alleges that DROTTS was at all relevant times engaged in unlawful sexual harassment and abuse of other minors and/or wards of the Defendant COUNTY, through her employment with the COUNTY and its subsidiary agencies, both before and during the time that DROTTS engaged in such conduct with PLAINTIFF. Upon information and belief, DEFENDANTS knew or should have known and/or were on notice of DROTTS'S sexual abuse of PLAINTIFF and other wards in the custody of the Defendant COUNTY, and therefore knew of DROTTS'S propensity and disposition to engage in

such abuse. Consequently, DEFENDANTS and DOES, and each of them, knew or should have known that DROTTS would commit wrongful sexual acts with minors, including PLAINTIFF, but did nothing to prevent such abuse.

49. JOHN DOE'S injuries were the result not only of the molestation and sexual abuse by DROTTS as a COUNTY-mandated therapist, but of the DEFENDANTS' failure to properly hire, train and supervise employees and contractors, and of DEFENDANTS' individual and collective failures to recognize, report, and prevent DROTTS from harming PLAINTIFF and other similarly situated wards of the Defendant COUNTY.

50. At no time during his nonconsensual custodial arrangement with the DEFENDANTS could PLAINTIFF refuse to comply with the conditions of his detention and/or probation, as the DEFENDANTS were in total control over PLAINTIFF'S liberty and bodily autonomy because he was under the complete care and control of the Defendant COUNTY. JOHN DOE could not refuse to participate in therapy with DROTTS while she was abusing him, for fear of retaliation from DEFENDANTS and because his compliance with the terms enforced onto him by DEDFENDANTS was determinative of his freedom. Out of fear of retaliation, punishment, extended confinement, and further abuse, JOHN DOE did not report, or was unable to meaningfully report, the abuse by DROTTS because he knew that any complaints would be unanswered, dismissed, ignored, and buried without investigation or redress, thereby allowing the sexual misconduct to continue, unabated.

## DAMAGES

51. As a direct and proximate result of the sexual abuse perpetrated and/or permitted and/or acquiesced to by DEFENDANTS, PLAINTIFF has suffered and continues to suffer severe, ongoing, and persistent mental, emotional, psychological, and physical injuries, including, but not limited to: anxiety; depression; feelings of helplessness and hopelessness; insomnia and sleep disturbances including nightmares; questioning of mental health treatment and care; profoundly lowered self-esteem; moodiness and emotional dysregulation; difficulty

forming and maintaining meaningful interpersonal and intimate relationships; pervasive loss of trust and control issues with persons in positions of authority; flashbacks, intrusive thoughts, and hypervigilance; chronic stress; nervousness; fear; deep embarrassment and shame; and a devastating loss of enjoyment of life, distress, anxiety, nervousness, and fear, and other injuries.

**FIRST CAUSE OF ACTION**
**(Constitutional Violations)**
**(42 U.S.C. § 1983)**
**(Plaintiff Against ALL DEFENDANTS)**

52. Plaintiff hereby re-alleges and incorporates by reference herein all paragraphs in this Complaint as if set forth fully herein.

53. From approximately 2024 until at least July 27, 2026, DEFENDANTS and DOES 1 – 50, acting under color of state law, engaged in a pattern of engaging in, overlooking, and/or concealing misconduct and malpractice involving intimidation, threats, coercion, sexual assault, sexual battery, and sexual harassment; depriving JOHN DOE of rights secured by the Constitutions and laws of the United States and the State of California. These rights include, but are not limited to: the right to be free from sexual violence and bodily harm; the right to be free from sexual harassment; the right to be secure in one's person; the right to freedom from cruel and unusual punishment; the right to bodily autonomy; and the rights to report abuse and seek redress without retaliation, under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

54. Specifically, PLAINTIFF, and other similarly situated juvenile wards of the Defendant COUNTY, possess a clearly established constitutional right under the Fourteenth Amendment's Due Process Clause and the Constitution of the State of California to be free from sexual abuse while in government custody. This right is well established, and no reasonable person in a relevant professional position, including DEFENDANTS and DOES, would believe otherwise.

55. The sexual abuse, assaults, batteries, and harassment alleged herein were committed by DEFENDANTS in their official capacity as employees and/or contractors or of

Defendant CONTRA COSTA COUNTY and its subsidiaries and agents, all as state actors exercising custodial authority and power over PLAINTIFF'S person and going far beyond any legitimate government interest. These acts were non-consensual, predatory, and perpetrated by the DEFENDANTS' positions of authority, influence, and control over JOHN DOE, who was incapable of giving meaningful consent due to his confinement and/or post-carceral custody and supervision by the DEFENDANTS.

56. DEFENDANTS' conduct caused JOHN DOE harm outside of the inherent discomforts of confinement and state custody and probation in violation of his rights under the United States Constitution, and constitutes cruel and unusual punishment of a post-conviction juvenile ward of the state, violating the rights secured to Plaintiff by the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States. Said abusive conduct did not serve a legitimate governmental objective. Moreover, the abuse was achieved through intimidation, threats, and coercion, under color of law, in violation of JOHN DOE'S civil rights as guaranteed by the United States and California Constitutions.

57. By their acts and omissions, DEFENDANTS deprived JOHN DOE of his Fourth, Eighth, and Fourteenth Amendment rights, rights to substantive due process, and other rights guaranteed to him under the United States and California Constitutions. The herein-alleged conduct by DEFENDANTS was objectively unreasonable and resulted in unsafe and life-threatening conditions of confinement in violation of JOHN DOE'S rights to safe conditions of pretrial confinement guaranteed by the Fourteenth Amendment.

58. Defendants and DOES were deliberately indifferent to the highly predictable and/or plainly obvious consequence of the harms suffered by JOHN DOE, and other wards of the Defendant COUNTY and its PROBATION DEPARTMENT, with whom DROTTS and other abusers were allowed come into contact under duress, on a frequent and regular basis.

59. DEFENDANTS' conduct shocks the conscious, especially given that it was highly foreseeable to DEFENDANTS and DOES that JOHN DOE and others under

DROTTS'S therapeutic services would be and was being abused while in COUNTY custody, supervision, and control.

60. The policies, practices and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers, were affirmatively linked to and were significantly influential forces behind the harms to JOHN DOE and his injuries.

61. Under Government Code Section 815.2(a), the COUNTY and its subsidiary agencies and agents and contractors, including those entities named herein as DEFENDANTS, are liable to PLAINTIFF for his injuries and damages suffered as a proximate result of the aforementioned wrongful conduct and/or dangerous omissions of the individually-named Defendants DROTTS and/or DOES 1 through 50.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**<u>SECOND CAUSE OF ACTION</u>**
**(Supervisory Liability/ Failure to Protect)**
**(42 U.S.C § 1983)**
**(Against Defendants COUNTY, BHS, PROBATION DEPARTMENT, COUNTY HEALTH, and DOES 1 through 50)**

62. Plaintiff hereby re-alleges and incorporates by reference all paragraphs in this Complaint as if set forth fully herein.

63. The agency DEFENDANTS and DOES 1-50, through their employees and each of them in his/her/their respective official, individual, supervisory, and oversight capacities, held positions of authority over the employees and operations of the COUNTY'S programs, facilities, subsidiary agencies and/or Departments, and had a constitutional duty to protect detainees and probationers and wards of the COUNTY, including JOHN DOE and others similarly situated, from known risks of harm, including from sexual abuse by subordinate staff and clinicians, and to use reasonable measures to protect JOHN DOE and others from foreseeable injury at the hands of third parties acting negligently or intentionally, including but not limited to DROTTS.

64. DEFENDANTS failed to provide adequate staffing to care for and to monitor JOHN DOE as required, in order to protect him from abuse. This includes DEFENDANTS'

failing to maintain the minimum required security-to-staff-to-youth ratios, documenting deviations from the staffing and/or probation and/or Wrap-Around Plan and the reasons for those deviations, and reviewing the Plaintiff's treatment plan including his electronic surveillance data and Defendant DROTTS' communications and notes about Plaintiff, regularly.

65. Upon information and belief, Defendants DOES 1 through 50, as supervisors and employees contracted and/or employed by the Defendant COUNTY and its subsidiary agencies and contractors including but not limited to Defendants PROBATION DEPARTMENT, BHS, CONTRA COSTA HEALTH, and others; were required to receive any information, data, and/or allegation of sexual abuse of a youth ward in COUNTY custody (28 CFT 115.361), and to comply with mandatory child abuse reporting laws (e.g., Penal Code § 1166); but willfully and/or neglectfully failed to do so.

66. Upon information and belief, Defendants COUNTY, BHS, PROBATION DEPARTMENT, COUNTY HEALTH, and through their employees DOES 1 through 50, were at all times aware of the risk of abuse and harm to PLAINTIFF and other juvenile wards and probationers of the Defendant COUNTY, and that such abuse and harm did occur in JOHN DOE'S case. Said DEFENDANTS did not take action to protect JOHN DOE or other similarly situated COUNTY wards from abuse and instead allowed them to have intimate and unsupervised contact with DROTTS and other abusive adults employed by the Defendant COUNTY.

67. DEFENDANTS failed to adhere to the standard of care and to the laws of the State of California governing their profession, including but not limited to the provisions of the Prison Law Rape Elimination Act; and were each of them wanton, reckless, and/or negligent in their management of the COUNTY and its subsidiary agencies' facilities, programs, officers, and staff, with reckless disregard for the safety and health of the wards and probationers of the Defendant COUNTY, including JOHN DOE and others similarly situated.

68. DEFENDANTS also failed to require that COUNTY employees, including DROTTS and DOES 1 through 50, be trained in or follow protocol to properly supervise, identify, report, and prevent serious injury to Plaintiff as a juvenile ward and probationer in COUNTY custody and supervision, and others similarly situated.

69. Upon information and belief, Ms. DROTTS was arrested on approximately July 17, 2026, and at some time after that her employment with the DEFENDANTS was terminated. The departure of the alleged Abuser from the COUNTY'S employment resulted in termination of any investigation by COUNTY and its subsidiary agencies, in violation of the PREA and of Plaintiff's rights as a victim, and similar allegations of abuse by similarly situated wards and/or probationers of the DEFENDANTS were overlooked, concealed, or ignored by DEFENDANTS.

70. Upon information and belief, Defendants DOES 1 through 50 were at all times agents, officers, and employees with supervisory and/or decision making authority for the DEFENDANT COUNTY and its subsidiary agencies including BHS, PROBATION DEPARTMENT, and COUNTY HEALTH. DOES were designees on behalf of those agencies and were responsible for informing all victims of sexual abuse in writing of the outcome of the COUNTY'S investigations into the abuser and whether the abuser has been indicted, charged, or convicted on charges related to that minor's sexual abuse, but failed to do so.

71. Along with other undiscovered conduct, DEFENDANTS' acts and omissions alleged herein shock the conscience, in that they show DEFEENDANTS acted with deliberate indifference to the constitutional rights of juvenile wards under Defendants' custody and authority, and with the purpose to harm JOHN DOE and similarly situated wards and probationers of the COUNTY, unrelated to any legitimate law enforcement objective.

72. As a direct and proximate result of DEFENDANTS' acts and omissions, JOHN DOE suffered physical and psychological harm, confusion, fear, and distress. PLAINTIFF suffered physical and emotional harm, mental anguish, pain and suffering, trauma, and other damages according to proof at the time of trial.

73. Under Government Code Section 815.2(a), the COUNTY and its subsidiary agencies and agents and contractors, including those entities named herein as DEFENDANTS, are liable to PLAINTIFF for his injuries and damages suffered as a proximate result of the aforementioned wrongful conduct and/or dangerous omissions of the individually-named Defendants DROTTS and/or DOES 1 through 50.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**<u>THIRD CAUSE OF ACTION</u>**
**(Municipal Liability – Monell)**
**(42 U.S.C. §1983)**
**(Plaintiff Against Individual Defendants DROTTS and DOES 1 through 50 in their Official Capacities, and Municipal Defendants CONTRA COSTA COUNTY, and its Subsidiary Agencies PROBATION DEPARTMENT, CONTRA COSTA HEALTH, and BEHAVIORAL HEALTH SERVICES)**

74. Plaintiff hereby re-alleges and incorporates by reference all paragraphs in this Complaint as if set forth fully herein.

75. Defendants COUNTY, PROBATION DEPARTMENT, CONTRA COSTA HEALTH, and BHS, through their employees, appointed directors, administrators, and policymakers (DROTTS and DOES 1 through 50), maintained and enforced official policies, widespread customs, and longstanding practices that directly caused and were the moving force behind the constitutional violations suffered by PLAINTIFF and others similarly situated. These policies, customs, and practices include, but are not limited to:

(a) Failing to adopt and implement adequate policies prohibiting and addressing sexual abuse and sexual harassment of detained and probationary juveniles by staff and third parties;

(b) Failing to adopt and implement adequate policies for the screening and background investigation of prospective employees to identify individuals with histories of sexual misconduct, violence, or other disqualifying conduct;

(c) Failing to adopt and implement adequate training programs to educate employees on the prohibition of sexual contact with detained minors, recognition of grooming

behaviors, mandatory reporting obligations under state and federal law, and the constitutional rights of detained juveniles and juveniles in probationary custody;

(d) Failing to adopt and implement adequate supervision protocols, including video monitoring, staffing ratios, and limitations on unsupervised access to detained juveniles and juveniles in probationary custody;

(e) Maintaining a policy, custom, or practice of discouraging, suppressing, or retaliating against complaints of sexual abuse by juvenile wards and/or their families;

(f) Failing to adopt and implement adequate grievance and complaint mechanisms that would allow detained minors to safely and confidentially report sexual abuse;

(g) Failing to adopt and implement adequate investigation protocols for allegations of sexual misconduct;

(h) Maintaining a policy, custom, or practice of failing to discipline, terminate, or refer for prosecution employees accused or found to have committed sexual abuse against detained minors;

(i) Failing to adopt. and comply with the requirements of the Prison Rape Elimination Act ("PREA") and its implementation and training standards for juvenile facilities, under 28 C.F.R. Part 115, Subpart D, including by failing to ensure that all employees and especially any new contract or contract renewal shall provide for contract monitoring to ensure that the employee or contractor is compliant with the PREA standards (28 CFR 115.312).

76. Upon information and belief, no consideration was given by DEFENDANTS to protect wards and probationers of the Defendant COUNTY and its subsidiaries, including JOHN DOE and others, from sexual abuse; including by failing to make reasonable efforts to provide confidential emotional support services related to sexual abuse; failing to give JOHN DOE and juvenile detainees and probationers access to outside victim advocates for support services related to sexual abuse by giving youth mailing addresses and/or telephone numbers and toll-free hotline numbers when available – of a local, state, or national victim advocacy or rape crisis organization;

failing to adequately monitor communications between Plaintiff and COUNTY employees and contractors while they were providing confidential support services to the extent which reports of abuse would be created and forwarded to authorities in accordance with mandatory reporting laws; and establishing a process to monitor the conduct and treatment of youth and/or staff who have encountered sexual abuse.

77. None of the individual DEFENDANTS (DROTTS and/or DOES 1 through 50) immediately notified any supervisor for the agency Defendants (COUNTY, BHS, COUNTY HEALTH, and/or PROBATION DEPARTMENT) upon becoming aware of any of the numerous incidents of sexual harassment and abuse of JOHN DOE spanning from approximately February of 2025 through July 17, 2026. If any such report was made anonymously, upon information and belief, no supervisor Defendant forwarded the matter to a sexual abuse investigator as is required by law.

78. The failure by DEFENDANTS to adequately train their employees on the aforementioned topics constitutes deliberate indifference to the constitutional rights of juvenile wards and probationers, including PLAINTIFF. Specifically, the need for training in the prevention and detection of sexual abuse of juvenile wards of the Defendant COUNTY, BHS, PROBATION DEPARTMENT, and COUNTY HEALTH, is and was at all relevant times so obvious, and the inadequacy of existing training so likely to result in constitutional violations, that the failure to train amounts to deliberate indifference by DEFENDANTS, and their employees and agents, DOES 1 through 50.

79. DEFENDANTS' failure to train employees like DROTTS was not an isolated oversight but reflects a systemic and deliberate choice that is closely related to the constitutional injuries suffered by JOHN DOE alleged herein. As a result, the Defendant COUNTY and its subsidiary agencies BHS, PROBATION DEPARTMENT, and COUNTY HEALTH, and the individual Defendants sued in their official capacities, and DOES 1 - 50, through their appointed directors, administrators, and policymakers, maintained a pattern and practice of failing to supervise and discipline employees who committed sexual misconduct against detained minors.

This failure to supervise and discipline was so pervasive and well-settled as to constitute a custom carrying the force of law.

80. The agency Defendants COUNTY, BHS, PROBATION DEPARTMENT, and COUNTY HEALTH, and the Defendants sued in their official capacities DROTTS and DOES 1 through 50, engaged collectively in a pattern and practice of tolerance of sexual misconduct by its employees, with minors who could not consent or escape, including by failing to investigate complaints and information of known and/or suspected instances of abuse.

81. The agency Defendants COUNTY, BHS, PROBATION DEPARTMENT, and COUNTY HEALTH, through its employees, also failed to impose meaningful discipline DROTTS despite having notice of her abuse of JOHN DOE and others similarly situated, and as a result this communicated to the agency Defendants' employees, officers, contractors and agents, including DROTTS and DOES 1 through 50, that sexual abuse of minor wards of the Defendant COUNTY would be tolerated and/or would go unpunished.

82. DEFENDANTS' deliberate indifference to the highly foreseeable risk of sexual abuse and psychotherapy malpractice of minors and wards of the Defendant COUNTY was the moving force behind the violations of PLAINTIFF'S constitutional rights.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
**(Negligence)**
**(Plaintiff against ALL DEFENDANTS)**

83. Plaintiff hereby re-alleges and incorporates by reference all paragraphs in this Complaint as if fully restated herein.

84. DEFENDANTS, and each of them, owed PLAINTIFF a special fiduciary relationship that persons in positions of authority over vulnerable minors in their custody, including to protect them from harm and sexual abuse. The duty arises from the mandatory character of incarceration, custody and probation by the COUNTY and its subsidiary agencies and contractors, and from the comprehensive control exercised by DEFENDANTS and their employees and officers.

85. DEFENDANTS and DOES 1-50, and each of them in his/her/their respective official, individual, supervisory, and oversight capacities of their employment or contract with the government and/or entity Defendants, owed PLAINTIFF a duty of reasonable care to properly and reasonably vet, hire, train, and supervise its agents, officers, and employees – especially those employees who like DROTTS have access to minor wards.

86. The individually-named Defendants possessing supervisory and policy-making authority (DOES 26 through 50) on behalf of the Agency Defendants COUNTY, BHS, PROBATION DEPARTMENT, and COUNTY HEALTH, were each of them obligated by a non-delegable duty to implement policies and procedures to protect wards and probationers in their custody, control, and supervision against sexual abuse, and that duty extended to PLAINTIFF, and others similarly situated, at all relevant times – but failed to do so.

87. Each of the DEFENDANTS owed to Plaintiff and others similarly situated to investigate and supervise the conduct of COUNTY employees, including DROTTS  and DOES, who are accused of misconduct herein. In JOHN DOE'S case, each of the DEFENDANTS willfully or neglectfully, ignored, overlooked, concealed, and/or covered up abuse that was known or should reasonably had been discovered by DEFENDANTS, and each of them.

88. Each of the DEFENDANTS, in their respective official, individual, supervisory, and oversight capacities, breached their nondelegable duties owed to JOHN DOE when they intentionally and/or negligently failed to recognize, report, and protect JOHN DOE and other wards and probationers of the Defendant COUNTY from abuse and malpractice by DROTTS, as they were required to do by law. Defendants also failed to supervise the adult employees of Defendant COUNTY, including DROTTS and DOES, who at all relevant times had intimate and clinical access to JOHN DOE and other similarly-situated juveniles and COUNTY wards while they were most vulnerable and totally dependent on DEFENDANTS, because DEEFENDANTS vested in DROTTS access, power, and authority to engage in abuse without being discovered, noticed, or disciplined as required by law.

89. At all times relevant to the instant allegations, DEFENDANTS and DOES 1 through 50, and their agents and employees, knew and/or should have discovered the abuse of JOHN DOE by DROTTS and others, and/or that DROTTS and DOES were planning, conspiring, and/or committing sexual abuse of PLAINTIFF who had been entrusted to the complete custody, supervision, and controlling authority of the Defendant COUNTY and its subsidiary agencies and employees, and so relied on said DEFENDANTS to provide for his safety, care, and welfare.

90. DEFENDANTS moreover failed to adequately hire, supervise, monitor, control, and train employees and/or agents in roles with direct access to vulnerable minors, including, but not limited to, Defendants, DROTTS, and DOES 1 through 50.

91. Specifically, DEFENDANTS' allowing PLAINTIFF, a child patient and juvenile ward of the Defendant COUNTY, to act out erotic feelings and engage in sexual intimacy with DROTTS who is an adult and was employed by the Agency DEFENDANTS, constitutes a breach of each DEFENDANT'S duty to protect JOHN DOE and others similarly situated.

92. DEFENDANTS' breach of the duty of care owed to Plaintiff and other juvenile wards in the COUNTY'S custody, detention, and probation authorities, created an environment in which adult abusers like DROTTS had unrestricted, unsupervised access to children and could sexually abuse and manipulate them, without fear of consequences.

93. As a direct and proximate result of the DEFENDANTS' breach of their fiduciary duty to protect, PLAINTIFF and others similarly situated suffered permanent harms, including physical harm, untreated psychological trauma, on-going emotional distress, carceral punishment, and loss of liberty including his freedom of movement and bodily autonomy.

94. Under Government Code Section 815.2(a), the COUNTY and its subsidiary agencies and agents and contractors, including those entities named herein as DEFENDANTS, are liable to PLAINTIFF for his injuries and damages suffered as a proximate result of the aforementioned wrongful conduct and/or dangerous omissions of the individually-named Defendants DROTTS and/or DOES 1 through 50.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

**(Violation of Bane Act – California Civil Code § 52.1)**

**(Plaintiff against DEFENDANTS and DOES 1-50)**

95. Plaintiff hereby re-alleges and incorporates by reference all paragraphs in this Complaint as if fully restated herein.

96. Civil Code Section 52.1 authorizes suit against anyone who by threats, intimidation, or coercion interferes with the exercise or enjoyment of rights secured by the state or federal Constitutions or laws without regard to whether the victim is a member of a protected class. Civil Code Section 52(a) provides for damages up to three times actual damages, with a minimum of $4,000 for each violation.

97. At all relevant times PLAINTIFF had a clearly established right as a post-conviction juvenile in COUNTY care to be free from intentional discrimination and to be free from state-imposed sexual violence, under the Equal Protection Clause of the Fourteenth Amendment.

98. The sexual abuse of PLAINTIFF by Defendant DROTTS, a COUNTY employee, while Plaintiff was a teenaged ward of the Defendant COUNTY, was motivated, in whole or in part, by PLAINTIFF'S sex, gender, age, and/or vulnerability as detained minors, constituting intentional discrimination in violation of the Equal Protection Clause. The sexual targeting and exploitation of vulnerable juveniles constitutes a denial of equal protection of the law and violated Plaintiff's rights.

99. The sexual abuse of children, especially of vulnerable children including Plaintiff and other wards of state, is so objectively and obviously serious and wrongful that no legitimate penological interest is served by sexual assault. No reasonable person would say otherwise.

100. Each individual DEFENDANT, and DOES 1-50, acted with deliberate indifference to the substantial risk of serious harm to PLAINTIFF, either by personally perpetrating the abuse or by knowingly disregarding or concealing the numerous warning signs that said abuse was occurring, and/or that the therapist-client line had clearly been crossed by DROTTS.

101. DEFENDANTS' outrageous effort to ignore and/or conceal the abuse and/or to obstruct JOHN DOE'S ability to refuse to meet with DROTTS' and/or to know and assert his rights, including those rights by law, violated Section 52.1 just as surely as the actual abuse did, while compounding the harm.

102. As a direct and proximate result of Defendants' acts and omissions, PLAINTIFF suffered and continues to suffer the injuries described herein.

103. Under Government Code Section 815.2(a), the COUNTY and its subsidiary agencies and agents and contractors, including those entities named herein as DEFENDANTS, are liable to Plaintiff for his injuries and damages suffered as a proximate result of the aforementioned wrongful conduct and/or dangerous omissions of the individually-named Defendants.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Violation of California Civil Code § 51.7 – "The Ralph Act")**
**(Plaintiff Against ALL DEFENDANTS)**

104. Plaintiff hereby re-alleges and incorporates by reference all paragraphs in this Complaint as if fully restated herein.

105. From approximately 2025 through July 17, 2026, DROTTS committed sexual harassment, assault, and battery, against JOHN DOE, while acting as Plaintiff's therapist, and she did so as an employee of Defendant COUNTY and in collaboration with DEFENDANTS and DOES, under the color of authority of state-mandated carceral, probationary, and healthcare providers.

106. Upon information and belief, the only motivation behind the abuse of JOHN DOE by Defendant DROTTS was the Abusers' perception of Plaintiff's age, race, color, ancestry, national origin, sexual orientation, and/or gender.

107. JOHN DOE was actually and proximately harmed by the violence done onto him by Defendant DROTTS and which was allowed to be done onto him by the other DEFENDANTS, through their acts and/or omissions. DEFENDANTS are liable to PLAINTIFF

for their outrageous conduct alleged herein, which was done in the scope of their employment and was authorized and/or at the direction of the Defendant COUNTY and its agencies and their employees, agents, and officers. The entity Defendants are therefore liable for these acts committed by its employees under the theory of *respondeat superior.*

108. The wanton and outrageous conduct by DEFENDANTS as alleged herein caused Plaintiff's suffering and harm, as set forth herein.

109. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Sexual Abuse of a Minor)**
**(California Civil Code,§ 1708.5, etc.)**
**(Plaintiff Against SOFIA DROTTS in her individual and official capacities and against Defendant COUNTY)**

110. Plaintiff hereby re-alleges and incorporates by reference all paragraphs in this Complaint as if fully restated herein.

111. From approximately 2025 through July of 2026, Defendant SOFIA ANN-BUITRON DROTTS committed frequent and ongoing acts which constituted sexual assault, harassment, and battery, onto Plaintiff, and upon information and belief this was known to the DEFENDANTS and to DOES 1-50, who in turn did nothing to prevent or report the abuse.

112. At all relevant times Defendant DROTTS crossed professional boundaries and inappropriately groomed and sexually abused Plaintiff while she was psychologically treating him as part of her employment for DEFENDANTS and while Plaintiff was a minor.

113. Upon information and belief, the aforementioned abusive conduct includes but is not limited to: inappropriate sexual contact and communications; repeated and unwelcome sexual advances, requests for sexual favors, verbal and/or written comments, gestures, and actions of a derogatory or offensive sexual neighbor including references to gender, sexually suggestive or derogatory comments about body or clothing, and/or obscene language and gestures (28 CFR 115.6); intentional contact directly through the clothing or with the minor's unclothed body; solicitation and/or display of child sexual abuse material (CSAM); display by the adult Abuser of

her uncovered genitalia, buttocks, and/or breasts in the presence of Plaintiff; and/or threats to engage in the aforementioned activities with Plaintiff under duress.

114. Plaintiffs are informed and believe and thereupon allege that DROTTS abused Plaintiff with the intent to abuse Plaintiff and to arouse and gratify DROTTS' own sexual desires, including by intentionally causing Plaintiff to suffer a harmful or offensive contact with Plaintiff's person, or the fear of said contact.

115. A sexually offensive contact with JOHN DOE did result from DROTTS' unlawful and intentional conduct.

116. JOHN DOE did not consent to the touching. A child cannot consent to sex with his adult therapist, especially as a ward of the state which forces the child to participate in therapy with his abuser under fear of punishment or retaliation, and fear of losing his liberty, autonomy, and freedom of movement.

117. Upon information and belief, the abuse occurred at least twice a week from approximately April 3, 2026, until the time that Ms. DROTTS was finally remanded into custody on approximately November 13, 2026.

118. Upon information and belief, some of the abuse alleged herein took place in facilities and/or on devices that are owned, maintained, and operated by the Agency DEFENDANTS, and all of the abuse took place while Plaintiff was under COUNTY surveillance under the supervision and authority of DEFENDANTS.

119. Despite having all the information from Defendants' COUNTY and PROBATION DEPARTMENT issued electronic surveillance systems and devices displaying data and communications with DROTTS and Defendants, no DEFENDANT named herein or any of DOES 1 through 50 took any appropriate or affirmative measures to protect PLAINTIFF from sexual abuse and harassment by DROTTS.

120. DEFENDANTS failed to promptly and/or thoroughly investigate the signs of sexual abuse and sexual harassment by DROTTS that were either known to or reasonably should have been discovered by DEFENDANTS.

121. Plaintiff was harmed and continues to be harmed from the frequent and repeated instances of sexual assault and battery done onto him, and permitted to be done to him by DEFENDANTS, on whom Plaintiff relied as a vulnerable minor and a juvenile ward under Defendant COUNTY'S authority.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## PRAYER

1. WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant named herein, and "DOES 1-50" jointly, and severally:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present, and/or future wage loss, income and support, medical expenses, and other special damages in sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants and DOES 1-50 and/or each of them.

4. All other statutory damages allowed by law.

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A JURY TRIAL IN THIS ACTION.

Dated: November 17, 2026

**JOHN BURRIS, NISENBAUM & CURRY, LLP**



---

John L. Burris,
Katherine A. MacElhiney,
Attorneys for Plaintiff JOHN DOE, through his Guardian Ad Litem, SAGE MOAHLA